

May 26, 2026

Michael J. Gilbert
+1.212.896.0611
mgilbert@sheppard.com

# MEMO ENDORSED

The Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> The government is directed to respond to the letter by June 4, 2026.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: May 28, 2026
> New York, New York

Re:    ***United States v. Aamer Abdulaziz Ahmed Salman***, 17-CR-630 (ER) – Request for Sentence Modification Under 18 U.S.C. § 3582(c)(1)(A)

Dear Judge Ramos:

We respectfully submit this letter on behalf of Aamer Abdulaziz Ahmed Salman ("Mr. Salman") to request modification of his sentence under 18 U.S.C. § 3582(c)(1)(A) to include a term of supervised release, which would permit the Bureau of Prisons ("BOP") to apply Mr. Salman's earned First Step Act ("FSA") time credits toward early transfer to supervised release. Mr. Salman has earned these credits through sustained rehabilitative programming and exemplary institutional conduct, but cannot receive their statutory benefit because his current sentence includes no supervised-release term.

Mr. Salman pleaded guilty on August 15, 2024, to conspiracy to commit money laundering. On April 23, 2025, this Court sentenced him to 18 months' imprisonment. He surrendered on July 11, 2025, is incarcerated at Federal Correctional Institute, Loretto, PA, and has a projected release date of October 20, 2026. On December 5, 2025, Mr. Salman moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), ██████████████████████████████████████████████████████████████████████. This Court denied that motion by Order dated March 4, 2026.

Under the FSA, earned time credits may be applied toward early transfer to supervised release *only* where the original sentence includes a supervised-release term. *See* 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d)(2); *see also* United States v. Oprea, No. 11-cr-64, 2023 WL 6958690, at *2 (D.N.H. Oct. 20, 2023); *Saleen v. Pullen*, No. 23-cv-147, 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023). Although compassionate release was denied, courts have recognized that the absence of a supervised-release term may be addressed through sentence modification imposing supervision, thereby allowing application of earned time credits. *See Oprea*, 2023 WL 6958690, at *6 (reducing custodial term and imposing supervised release in light of earned FSA credits, programming, and clean disciplinary record). Mr. Salman has earned substantial FSA credits and, based on credits earned to date, would be eligible for early transfer to supervised release in the near term—if the Court imposes a supervised-release term. Mr. Salman's strong

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
T: +1.212.653.8700 | F: +1.212.653.8701
sheppard.com

Hon. Edgardo Ramos
May 26, 2026
Page 2

institutional record, programming, and earned credits warrant the same practical relief here, particularly in light of the extraordinary family circumstances that remain ongoing.

Separately, BOP has asserted that Mr. Salman is subject to a final order of removal and therefore ineligible to apply FSA credits. Counsel is in communication with Immigration and Customs Enforcement ("ICE") and is confirming that no final order of removal has issued. We believe BOP's determination is incorrect and expect confirmation shortly. If, as anticipated, there is no final order of removal, then—assuming a supervised-release term is imposed—Mr. Salman would be able to apply his earned credits consistent with the FSA.

Modification is also warranted to avoid the risk that Mr. Salman—who twice voluntarily self-surrendered from the U.A.E., a non-extradition country—will be subjected to a materially longer period of custody through prolonged post-sentence ICE detention. At sentencing, the Court declined to impose supervision because Mr. Salman is "a deportable alien," but Mr. Salman's circumstances are not typical: he accepted the burdens of appearing in the United States despite having been able to remain abroad beyond the reach of extradition, and he now faces a real prospect of weeks or months in ICE detention before removal, given widely reported dysfunction in ICE detention and processing.[1] An early transfer to supervised release would facilitate a smoother and more timely repatriation for Mr. Salman, reducing the risk of unnecessary and unduly harsh additional detention and advancing the policy interest in encouraging voluntary surrender and cooperation by similarly situated individuals.

For these reasons, Mr. Salman respectfully requests that the Court modify his sentence to impose a term of supervised release so that BOP can apply his earned FSA time credits toward early transfer to supervised release.

---

[1] Ana Ley, *Wrenching Pain, a Severe Infection: An ICE Detainee Is Ordered Released, A judge blamed "deliberate indifference" for the illness of a man held by immigration officials*, NY TIMES (Dec. 9, 2025), https://www.nytimes.com/2025/12/09/nyregion/ice-detention-facilities-judges-criticism.html.

Hon. Edgardo Ramos
May 26, 2026
Page 3


Respectfully Submitted,

Michael J. Gilbert

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
Michael J. Gilbert
Julian Klein
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Tel.: (212) 653-8700
Fax: (212) 653-8701
mgilbert@sheppard.com
jklein@sheppard.com

AMSTERDAM & PARTNERS LLP
Peter J. Sahlas
1101 30th St NW, Suite 500
Washington, DC 20007
Tel.: (202) 999-4724
p.sahlas@amsterdamandpartners.com

*Attorneys for Defendant Aamer Abdulaziz Ahmed Salman*


cc: Assistant United States Attorneys Kevin Mead (Kevin.Mead@usdoj.gov) and Juliana Murray (Juliana.Murray@usdoj.gov)