

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

June 2, 2026

**By ECF**
The Honorable Edgardo Ramos
United States District Judge
40 Foley Square
New York, New York 10007

>    **Re:    *United States v. Aamer Abdulaziz Ahmed Salman*, 17 Cr. 630 (ER)**

Dear Judge Ramos:

The Government respectfully submits this letter, at the direction of the Court (Dkt. 752), in response to the defendant Aamer Abdulaziz Ahmed Salman's motion to modify the judgment to include a term of supervised release so that he can earn First Step Act credits against his remaining time in prison (Dkt. 750). As explained below, the Government is not aware of a legal basis on which that motion can be granted.

Title 18, United States Codes, Section 3582(c), provides that "[t]he court may not modify a term of imprisonment once it has been imposed except that," as relevant here:

- [T]he court . . . may reduce the term of imprisonment . . . if it finds [among other things] that . . . extraordinary and compelling reasons warrant such a reduction; . . . [and]

- [T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . .

18 U.S.C. §§ 3582(c)(1)(A)(i) & 3582(c)(1)(B). As described below, it does not appear that either 18 U.S.C. § 3582(c)(1)(A)(i) or Federal Rule of Criminal Procedure 35 can assist under these circumstances.

Section 3582(c)(1)(A)(i) provides a means to "reduce [a] term of imprisonment." Even if the addition of a term of supervised release could be a "reduc[tion]" in sentence, Section 3582(c)(1)(A)(i) fails to afford relief here. That provision requires a defendant to, among other things, justify a sentence reduction with "extraordinary and compelling reasons." Such reasons are defined by Section 1B1.13(b) of the Sentencing Guidelines and are limited to:

>    (1) <u>Medical Circumstances of the Defendant</u>.—

>    >    (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific

prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

(2) <u>Age of the Defendant</u>.— The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) <u>Family Circumstances of the Defendant</u>.—

    (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

    (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

    (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) <u>Victim of Abuse</u>.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

    (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or

    (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) <u>Other Reasons</u>.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

> (6) <u>Unusually Long Sentence</u>.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b).

On the facts of this case, categories 1, 2, 4, 5, and 6 facially do not apply. That leaves category 3, which speaks of certain family circumstances—which the Court already took into consideration in imposing the sentence in this case.

Here, the defendant's request to reduce his sentence is not based on circumstances that might befall a defendant in custody that would justify his release to the outside. As such, it is not an "extraordinary and compelling reason.". *See United States v. Piña*, No. 01 Cr. 619 (VM), 2023 WL 8759830, at *6 (S.D.N.Y. Dec. 19, 2023) ("Piña has not shown that his present inability to apply the FSA time credits he has earned is an extraordinary and compelling reason for modifying his sentence".).

Nor does Federal Rule of Criminal Procedure 35 afford relief here. That Rule provides, as relevant here, that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from . . . clear error." Fed. R. Crim. P. 35(a). Here, even if the absence of a term of supervised release in Mr. Salman's sentence resulted from clear error (which it did not), he was sentenced more than 14 days ago (Dkt. 740), and Rule 35's time limit is jurisdictional, *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995).

Finally, although the defendant did not cite Federal Rule of Criminal Procedure 36, the Government notes that that Rule does not afford relief here either. Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Here, the Court expressly declined to impose a term of supervised release, reasoning that the defendant would be deported upon his release from custody. (4/17/25 Tr. 25). This is not a case, in other words, where the written judgment simply departed in some clerical way from what the Court pronounced at the sentencing hearing. Although it does not appear that the Second Circuit has directly addressed whether adding a term of supervised release can count as correcting a clerical error, any argument that the error here was "clerical" is undermined both by what the Second Circuit has said about clerical errors generally, *see, e.g.*, *United States v. Thomas*, 135 F.3d 873, 875 (2d Cir. 1998) ("[W]e do not think that the alteration of the supervised release sentence to one of probation, accompanied by the changes in the timing of the home confinement term vis-à-vis the rest of the sentence, was permitted under Rule 36."); *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) ("Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing."), and by what other courts have done in similar circumstances, *see, e.g.*, *United States v. Rodriguez*, 394 F. App'x 307, 308 (7th Cir. 2010)

("On September 1, 2009, the district court amended the judgment to add some additional conditions of supervised release. . . . If the sentence as pronounced in court included the special terms, but the staff failed to put them in the judgment, then the error was clerical and Rule 36 is available. But if the judge overlooked these terms when imposing sentence, and the written judgment accurately reflects the decision, then the error is not clerical."); *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006) ("If the failure of the judgment order to state that the judge was imposing two (concurrent) terms of supervised release in the first revocation was merely a clerical error—that is, if the court announced two new terms but the clerk who typed the 2002 judgment included just one—then Rule 36 will allow correction even now. But if the order accurately reflects the judge's decision, however mistaken, to impose just a single term, it cannot be corrected because none of the statutory provisions authorizing the sentencing judge to modify a sentence that he has imposed is applicable to such a case." (citations omitted)); *but see United States v. Agramonte-Minaya*, Dkt. 159, 21 Cr. 661 (PAE) (modifying judgment to include a term of supervised release, where a four-year term of supervised release was statutorily mandated).

For the foregoing reasons, the Government is not aware of a legal basis on which Mr. Salman's motion to modify the judgment to include a term of supervised release can be granted at this time.

Respectfully submitted,

JAY CLAYTON
United States Attorney


by: ___/s/_____
Juliana Murray / Kevin Mead
Assistant United States Attorneys
(212) 637-2314 / -2211

cc:    Aamer Abdulaziz Ahmed Salman (by U.S. mail)
       Counsel of Record (by ECF)