**Sheppard**

June 10, 2026

Michael J. Gilbert
+1.212.896.0611
mgilbert@sheppard.com

The Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   ***United States v. Aamer Abdulaziz Ahmed Salman**, 17-CR-630 (ER) – Reply in Support of Request for Sentence Modification Under 18 U.S.C. § 3582(c)(1)(A)*

Dear Judge Ramos:

We respectfully submit this reply on behalf of Aamer Abdulaziz Ahmed Salman ("Mr. Salman") in further support of his request for a sentence modification adding a term of supervised release so that the Bureau of Prisons ("BOP") may apply his earned First Step Act ("FSA") time credits toward early transfer to supervised release, which would facilitate his departure from the United States without lengthy Immigration and Customs Enforcement ("ICE") detention following release from BOP custody.

## I.     There is a legal basis for relief under § 3582(c)(1)(A)

The Government asserts that it is "not aware of a legal basis" to grant Mr. Salman's request.  Dkt. 755 at 1.  That position is inconsistent with the governing statute and with recent decisions addressing this precise issue.

As the court explained in *United States v. Perez Sanchez*, a district court generally "lack[s] the authority to alter a sentence after the time of sentencing, except where Congress has provided otherwise," and § 3582(c)(1)(A) provides that authority.  *United States v. Perez Sanchez*, No. 16-CR-661-1 (ARR), 2024 WL 1069884, at *3 (E.D.N.Y. Mar. 12, 2024) (quoting *United States v. Petit*, 541 F. Supp. 3d 304, 309 (S.D.N.Y. 2021)).  Courts therefore construe requests like Mr. Salman's—seeking a nominal supervised-release term so earned FSA credits may be applied—as motions brought under § 3582(c)(1)(A).  *Id.* (citing *United States v. Piña*, No. 01-CR-619 (VM), 2023 WL 8759830 (S.D.N.Y. Dec. 19, 2023); *United States v. Bevz*, No. 21-CR-618, 2023 WL 8936323 (S.D.N.Y. Dec. 27, 2023); *United States v. Oprea*, No. 11-CR-64, 2023 WL 6958690 (D.N.H. Oct. 20, 2023)).

Although adding supervised release can be described as a "technical" increase, courts recognize that the practical effect is to permit credit-based transfer to supervised release and thus reduce time in custody.  *Perez Sanchez*, 2024 WL 1069884, at *3 (citing *Oprea*, 2023 WL 6958690, at *2).  Granting this relief does not guarantee early release.  It simply makes the

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
T: +1.212.653.8700 | F: +1.212.653.8701
sheppard.com

Hon. Edgardo Ramos
June 10, 2026
Page 2

defendant eligible for the BOP-administered framework, subject to BOP's statutory determinations, including that the prisoner poses "a minimum or low risk to recidivate." *Oprea*, 2023 WL 6958690, at *3 (quoting 18 U.S.C. § 3624(g)(1)(D)(ii)).

Further, the Government frames Mr. Salman's motion as a request to reduce his sentence. But Mr. Salman does not ask the Court to award credits, to apply credits, or to order release. He requests a narrow modification—adding a minimal supervised-release term—so that BOP may determine whether to apply his earned FSA credits under § 3624(g).

The Court has authority under § 3582(c)(1)(A) to grant narrowly tailored relief where extraordinary and compelling reasons warrant it, and the circumstances here do.

## II. Extraordinary and compelling reasons are present here, and the Court may impose a minimal supervised-release term

The Government argues that Mr. Salman cannot satisfy the "extraordinary and compelling reasons" standard. But *Perez Sanchez* held that extraordinary and compelling circumstances may exist where a defendant cannot apply earned FSA credits "solely because" supervised release was omitted due to likely deportation and the defendant is not subject to a final order of removal. 2024 WL 1069884, at *4.

That reasoning applies here. At sentencing, the Court declined to impose supervision because Mr. Salman was deemed "a deportable alien." Dkt. 750 at 2. Mr. Salman has since earned substantial FSA credits through sustained evidence-based programming and exemplary institutional conduct, yet he cannot receive the statutory benefit of those credits solely because his sentence includes no supervised-release term. As we noted in our May 26 letter, while BOP has asserted that Mr. Salman is subject to a final order of removal, ICE has not issued a final order. Dkt. 750 at 2. Further, the Court may tailor the relief to the smallest modification needed to permit BOP to administer the statute—potentially a one-day supervised-release term. *See Perez Sanchez*, 2024 WL 1069884, at *5 (granting motion and "add[ing] a one-day term of supervised release").

Mr. Salman's rehabilitation also strongly supports relief when combined with the other circumstances present here—earned FSA credits, absence of a final removal order, the original immigration-based omission of supervised release, and the avoidable ICE custody consequences, which could include lengthy detention following release from BOP custody. These circumstances fit comfortably within the U.S.S.G. § 1B1.13(b)(5) catchall, which requires similarity "only in gravity" to the enumerated reasons. *Perez Sanchez*, 2024 WL 1069884, at *3 (quoting U.S. Sent'g Comm'n, Guidelines Manual 2023: Supplement to Appendix C at 207 (Nov. 1, 2023)); U.S.S.G. § 1B1.13(b)(5).

Finally, the § 3553(a) factors support this modest modification. As *Perez Sanchez* explained, denying eligibility for FSA-credit application solely because supervised release was omitted undermines the FSA's incentives for evidence-based programming and creates unwarranted disparities based on immigration status. 2024 WL 1069884, at *4 (discussing § 3553(a)(2) and § 3553(a)(6)). Those concerns are present here as well.

Hon. Edgardo Ramos
June 10, 2026
Page 3

### III.    Requested relief

For these reasons, Mr. Salman respectfully requests that the Court grant relief under 18 U.S.C. § 3582(c)(1)(A) and modify the judgment to include a minimal term of supervised release so that BOP may apply his earned FSA time credits toward early transfer to supervised release under 18 U.S.C. § 3624(g)(3), and so as to prevent avoidable ICE custody consequences including lengthy detention following release from BOP custody.  Mr. Salman's projected release date is October 20, 2026, the requested modification is narrow, and the ultimate decision whether to apply credits remains with BOP.

Respectfully Submitted,

Michael J. Gilbert

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Michael J. Gilbert
Julian Klein
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Tel.: (212) 653-8700
Fax: (212) 653-8701
mgilbert@sheppard.com
jklein@sheppard.com

AGNIFILO & INTRATER LLP
Marc Agnifilo
445 Park Avenue, Ste 7th Floor
New York, NY 10022
Tel.: (646) 205-4350
marc@agilawgroup.com

AMSTERDAM & PARTNERS LLP
Peter J. Sahlas
1101 30th St NW, Suite 500
Washington, DC 20007
Tel.: (202) 999-4724
p.sahlas@amsterdamandpartners.com

*Attorneys for Defendant Aamer Abdulaziz Ahmed Salman*

cc: Assistant United States Attorneys Kevin Mead (Kevin.Mead@usdoj.gov) and Juliana Murray (Juliana.Murray@usdoj.gov)