UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

AAMER ABDULAZIZ AHMED SALMAN,

Defendant.

**ORDER**

17-cr-630 (ER)

On April 17, 2025, Aamer Abdulaziz Ahmed Salman was sentenced to 18 months imprisonment.  Doc. 740.  No term of supervised release was imposed because he is a deportable noncitizen.  Doc. 750 at 2.  On May 26, 2026, Salman requested modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) to include a term of supervised release, which would permit Bureau of Prisons to apply his earned First Step Act ("FSA") time credits toward early release from the prison.[1]  Doc. 750 at 1.  The government objects to the request and argues that there is no legal basis on which the request can be granted.  Doc. 755 at 1.  On June 10, 2026, Salman filed a reply in support of his request.  Doc. 760.  He argues that the Court has the authority to grant his request pursuant to Section 3582(c)(1)(A) and cites to *United States v. Perez Sanchez*, No. 16-CR-661-1 (ARR), 2024 WL 1069884 (E.D.N.Y. Mar. 12, 2024), where sentence modification was granted under a similar circumstance.  *Id*. at 2.

Title 18 United States Code Section 3582(c)(1)(A) allows the court to reduce a prisoner's term of imprisonment.  Among other things, it requires the court to find extraordinary and

---

[1] The FSA allows certain prisoners to earn and use time credits to secure early transfer to supervised release, but only if their sentences include a term of supervised release following imprisonment. *See* 18 U.S.C. § 3624(g)(3).

compelling reasons warranting the relief.  18 U.S.C. § 3582(c)(1)(A)(i).[2]  The Court determines that Salman's inability to apply his earned FSA time credits does not constitute an extraordinary and compelling reason because he will be deported after serving his sentence.[3]  *See United States v. Bevz*, No. 21-cr-618 (NRB), 2023 WL 8936323, at *1 (S.D.N.Y. Dec. 27, 2023); *see also United States v. Alvarez Rivera*, No. 22-cr-476-2 (RPK), 2024 WL 4534138, at *3 (E.D.N.Y. Oct. 21, 2024).  The Court is aware of the decision in *Perez Sanchez*, where the court holds that the noncitizen defendant's inability to apply earned time credits constitutes an extraordinary and compelling reason for sentence modification.  2024 WL 1069884 at *4.  However, the weight of authority holds that the inability to apply earned time credits does not constitute an extraordinary or compelling reason.  *United States v. Anuebunwa*, No. 16-cr-575 (MKV), 2025 WL 1224675, at *2 (S.D.N.Y. Apr. 28, 2025); *United States v. Mina-Arce*, No. 19-cr-834 (AKH), 2024 WL 4635375, at *1 (S.D.N.Y. Oct. 30, 2024); *Alvarez Rivera*, 2024 WL 4534138, at *3; *Bevz*, 2023 WL 8936323, at *1; *United States v. Saleem*, 18-cr-274(VEC), ECF No. 115 (S.D.N.Y. Mar. 22, 2023).  Indeed, the decision in *Perez Sanchez* is an outlier in this Circuit, as the presiding judge acknowledged.  *Id*. at *5.

Salman also argues that the modification is warranted because of his strong institutional record, programming, earned credits, extraordinary family circumstances, and the fact that he will likely face prolonged post-sentence detention by Immigration and Customs Enforcement.  Doc. 750 at 1–2.  These reasons, considered in totality with his inability to apply his earned credits, do not constitute extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A).

---

[2] 18 U.S.C. § 3582(c)(1)(A)(ii) provides another ground for sentence reduction but does not apply to Salman.  The provision requires "the defendant is at least 70 years of age, [and] has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c)."

[3] Salman acknowledges that he will be removed from the U.S. after his imprisonment ("[Salman] now faces a real prospect of weeks or months in [Immigration and Customs Enforcement] detention before removal").  Doc. 750 at 2.

Salman's family circumstances were thoroughly considered during sentencing. The other reasons he relies on do not fall within the enumerated extraordinary and compelling reasons listed in Section 1B1.13(b) of the Sentencing Guidelines.[4] U.S.S.G. 1B1.13(b). Section 1B1.13(b)(5) also includes a catch-all provision that permits sentence modification under unenumerated circumstances that are "similar in gravity" to those enumerated in paragraph (1) and (4). U.S.S.G. 1B1.13(b)(5). But the reasons proffered by Salman are not similar in gravity to those enumerated reasons.

Moreover, Section 3582(c)(1)(A) requires the Court to consider factors set forth in Section 3553(a) when determining a request for sentence modification. 18 U.S.C.A. § 3582(c)(1)(A). The sentence imposed has to reflect the seriousness of the offense and avoid unwarranted sentence disparities among similarly situated defendants. 18 U.S.C.A. § 3553. Salman was sentenced to 18 months of imprisonment, which is well-below the 48 months sentence recommended by the probation department and the 87 to 108 months range recommended by the Sentencing Guidelines. Docs. 737, 740. Further reduction of the current sentence is inappropriate. Therefore, Salman's request for sentence modification is denied.

SO ORDERED.

Dated:    June 12, 2026
          New York, New York

_____
Edgardo Ramos, U.S.D.J.

---

[4] Extraordinary and compelling reasons enumerated in Section 1B1.13(b) include certain medical circumstances, age, certain family circumstances, victim abuse, and unusually long sentence. U.S.S.G. 1B1.13(b).

3